# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Jacob Donovan ) | Case No. 2:26-mj-0023 SCR |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

**FILED**
Mar 10, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  February 1, 2026  in the county of  Butte  in the
Eastern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Custody |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT OF Deputy U.S. Marshal Miguel A. Nunez-Ponce

☑ Continued on the attached sheet.

/S/
*Complainant's signature*

Miguel A. Nunez-Ponce, Deputy US Marshal
*Printed name and title*

Sworn to and signed before me telephonically.

Date: 03/10/2026

*Judge's signature*

City and state: Sacramento, California    United States Magistrate Judge Sean C. Riordan
*Printed name and title*

### Affidavit of Deputy United States Marshal Miguel A. Nunez-Ponce

I, Miguel A. Nunez-Ponce, being duly sworn, hereby depose and state:

### PURPOSE

1. This Affidavit is made in support of a criminal complaint charging Jacob Donovan with:

    COUNT ONE:   Escape from Custody, in violation of 18 U.S.C. § 751(a).

### AGENT BACKGROUND

2. I am a Deputy United States Marshal for the United States Marshals Service (USMS) . I have been a Deputy U.S. Marshal since August 2014.  I am currently assigned to the US Marshals Service Pacific Southwest Regional Fugitive Task Force – Sacramento Office in the Eastern District of California as a Team Leader (TL).  As part of my regular assigned duties, I conduct investigations regarding the whereabouts of federal and state fugitives.  I am a duly commissioned federal law enforcement officer of the United States Marshals Service, authorized to carry firearms, execute warrants, make arrest for offenses against the United States of America and to perform other law enforcement duties as authorized by law.  In the course of my training and experience, I have become familiar conducting these complex fugitive investigations and the manner in which fugitives attempt to avoid detection and apprehension

3. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.  This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation.

///

///

///

## STATEMENT OF PROBABLE CAUSE

### Donovan escaped from BOP custody after transfer to home confinement, continuing a trend of non-compliance with court-ordered drug treatment.

4. On November 1, 2017, Donovan was charged by Indictment in the District of Nevada with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). District of Nevada, 3:17-CR-00097-HDM-CLB, Indictment, ECF 17. Donovan pleaded guilty and was subsequently sentenced to serve 85 months in federal prison followed by 36 months of supervised release. ECF 43, 45.

5. Donovan was released from custody and onto supervised release on May 29, 2024. Eastern District of California, 1:24-CR-00167-KES, Superseding TSR Petition, ECF 21. Donovan's supervision was transferred from the District of Nevada to the Eastern District of California on July 8, 2024. *Id.* Ten days later, a supervised release violation petition was filed alleging unlawful drug use. *Id.* During the pendency of the violation proceeding, Donovan was ordered to participate in inpatient drug treatment. *Id.* Donovan "self-discharged" from drug treatment which resulted in a superseding TSR violation petition. *Id.* United States District Judge Kirk S. Sherriff revoked supervision, returned Donovan to the Bureau of Prisons for 4 months and then ordered 32 months of continued supervised release. ECF 36.

6. Donovan was released from custody into an in-patient drug treatment program. Two days later, on November 27, 2024, Donovan "self-discharged" from the drug treatment program in violation of the terms of his supervised release. ECF 37. Subsequently, Judge Sherriff revoked supervision a second time and returned Donovan to the Bureau of Prisons for 18 months. ECF 56.

7. On January 12, 2026, to begin the process of reintegration, Donovan was transferred from FCI-Marianna to home confinement at a residence in Chico, California. As part of his Conditions of Home Confinement, Donovan signed an acknowledgement that, "I fully understand that willful failure to report as required, unauthorized change of residence, employment or failure to otherwise inform Center staff of my whereabout, could constitute an escape from federal custody." Donovan was set to be released from BOP custody on April 22, 2026.

8. As a condition of home confinement, Donovan was required to wear an electronic monitor on his ankle.  On February 1, 2026, Donovan cut off his electronic ankle monitor and absconded from BOP supervision.  Donovan left a note for his roommate.  In the note, Donovan directed his roommate to tell his probation officer that he was going to Sturgis, South Dakota.  Since February 1, 2026, Donovan has not surrendered to BOP authorities or returned repeated phone calls from BOP authorities.  Accordingly, BOP issued a Notice of Escaped Federal Prisoner seeking to have Donovan arrested and returned to custody.

**Donovan arrested after fleeing from law enforcement.**

9. On March 5, 2026, an officer with the Chico Police Department was on patrol in a marked patrol car.  At 10:52 p.m., the officer encountered a Toyota Prius parked on a bike and pedestrian path leading to the Chico State campus.  The officer activated his overhead emergency lights and attempted to conduct a traffic enforcement stop.  Instead, the Prius drove at a high rate of speed with its lights off and attempted to evade the officer.  The Prius ultimately crashed into a concrete bollard designed to keep vehicles off the bike/pedestrian path.  Shortly thereafter, the front passenger opened the passenger door and ran away from the vehicle.  Assisting officers later found the passenger hiding in some bushes nearby.

10. The passenger was subsequently identified as Jacob Donovan.  In a post-arrest statement to officers, Donovan admitted that during the pursuit he thrown a firearm out of the vehicle.  Officers responded to the area but did not find a firearm.  A search of the Prius resulted in the recovery of three rounds of .38 special ammunition and one 12-gauge shotgun shell.  During his post-arrest statement, Donovan told officers that if they released him, he could take them to a female from Oregon who had a pound of fentanyl that he was supported to meet in 30 minutes.

11. The driver was identified and gave a post-arrest statement.  An arresting officer asked the driver why he attempted to evade law enforcement.  The driver said that when the officer approached Donovan yelled, "Go! Go! Go!" and as a result the driver just reacted and drove away.  The driver claimed that the firearm belonged to him and that he was not prohibited from possessing firearms.  Nonetheless, the driver stated that he gave the firearm to Donovan to throw out of the vehicle during the pursuit.

## **CONCLUSION**

12. Based on the foregoing facts, I believe that there is probable cause to believe that Jacob Donovan unlawfully escaped from custody, in violation of 18 U.S.C. § 751(a).

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_____/S/_____
MIGUEL A. NUNEZ-PONCE
Deputy U.S. Marshal

Sworn and Subscribed to me telephonically
on March 10, 2026,

_____
Hon. SEAN C. RIORDAN
United States Magistrate Judge

Approved as to form:

_____
Justin L. Lee
Assistant United States Attorney

## PENALTY SLIP

## United States v. Jacob Donovan

**COUNT ONE:**  18 U.S.C. § 751(a) – Escape from Custody

Fine of up to $250,000, and/or
Imprisonment of up to 5 years, or both
Term of Supervised Release of up to 3 years
Mandatory $100 Special Assessment